UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| DOUGLAS JOHN MARTINS, | ) | Case No. 2:18-cv-1664-MGL-MGB |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| NANCY A. BERRYHILL, | ) | **REPORT AND RECOMMENDATION** |
| Acting Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Douglas Martins seeks judicial review of the Commissioner of Social Security Administration's final decision denying his claim for Disability Insurance Benefits ("DIB") under the Social Security Act. This matter was referred to the undersigned Magistrate Judge for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.). For the following reasons, the undersigned recommends remanding for further consideration.

## BACKGROUND

Martins was forty-seven years old on his alleged disability onset date, July 18, 2012. (R. 27–28.) He applied for benefits in February 2014. (R. 18.) He alleged disabling conditions including fibromyalgia and bladder cancer. (R. 67.) His application was denied, so he asked for a hearing before an administrative law judge ("ALJ"). (R. 76, 91, 105–06.) The ALJ held a hearing, in which Martins and a vocational expert testified. (R. 38–66.) In November 2017, the ALJ issued a decision that Martins was not entitled to benefits. (R. 18–28.) The ALJ found that, although Martins had impairments restricting him to a reduced range of light work, he was not disabled because he could perform several other jobs that exist in significant numbers in the national economy. (R. 23, 27.)

1

Martins asked the Appeals Council to review the ALJ's decision. (R. 189–90.) It denied his request, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. (R. 1–6.) By denying the request, the Commissioner (through the Appeals Council) adopted the following findings of the ALJ:

(1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.

(2) The claimant has not engaged in substantial gainful activity since July 18, 2012, the alleged onset date (20 CFR 404.1571 *et seq.*).

(3) The claimant has the following severe impairments: hypertension; hyperlipidemia; pre-diabetes; chronic obstructive pulmonary disease/chronic bronchitis; lateral epicondylitis; idiopathic peripheral neuropathy; a history of bladder cancer, status post cystoscopy and ileostomy; status post prostatectomy; obstructive sleep apnea; fibromyalgia; migraines; demyelinating disease of the central nervous system; depression; possible anxiety; and a possible personality disorder (20 CFR 404.1520(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

(5) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he needs the option to sit every 45 minutes for 1-2 minutes, but could continue working while seated; can frequently climb ramps or stairs; should never climb ladders, ropes, and scaffolds; can frequently stoop, kneel, crouch, or crawl; should avoid concentrated exposure to work hazards, such as unprotected heights; is limited to simple, routine, and repetitive tasks; and should have only occasional interaction with co-workers and the general public.

(6) The claimant is unable to perform any past relevant work (20 CFR 404.1565).

(7) The claimant was born on April 19, 1965 and was 47 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563).

(8) The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

(10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, and 404.1569(a)).

(11) The claimant has not been under a disability, as defined in the Social Security Act, from July 18, 2012, through the date of this decision (20 CFR 404.1520(g)).

(R. 20–28.)

## STANDARD OF REVIEW

Disability benefits are available to persons insured for benefits who are not of retirement age, properly apply, and are under a "disability." 42 U.S.C. § 423(a). "Disability" is the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than" twelve months. 42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, Social Security regulations reduce the statutory definition of "disability" to a series of five sequential questions. An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment that is or equals an illness contained in the Administration's official Listing of Impairments found at 20 C.F.R. Part 404, Subpart P, Appendix 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment which precludes other substantial gainful employment. *See* 20 C.F.R. § 404.1520. For the first

3

four steps, the burden lies with the claimant; at step five, it shifts to the Commissioner. *Mascio v. Colvin*, 780 F.3d 632, 635 (4th Cir. 2015). The Commissioner may carry that burden with testimony from a vocational expert. *Monroe v. Colvin*, 826 F.3d 176, 180 (4th Cir. 2016). If the claimant is found not disabled at any step, further inquiry is unnecessary. *See* 20 C.F.R. §§ 404.1520(a)(4).

Federal courts' scope of review is limited to deciding whether the Commissioner applied the law correctly and whether substantial evidence supports her factual findings. *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012) (citations omitted). If so, the court must affirm the Commissioner's decision. *Id.* Substantial evidence is "more than a mere scintilla of evidence but . . . less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citing *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)). "In reviewing for substantial evidence, [the court does] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Hancock*, 667 F.3d at 472. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court. *Id.* However, a supported finding is not binding if the ALJ made it using an improper standard or a misapplication of the law. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## DISCUSSION

Martins contends the ALJ failed (1) to sufficiently account for his limitations in maintaining concentration, persistence, and pace; (2) to give proper weight to his treating psychiatrist's opinions; (3) to give proper weight to his treating physician's opinions; (4) to find

4

his statements consistent; and (5) to address two lay witness statements. (Dkt. No. 11 at 1–2.) As discussed below, remand is required on the fourth issue.[1]

## I. Evaluation of Martins' Complaints

Martins argues the ALJ erred in evaluating whether his complaints about his symptoms were consistent with other evidence. (Dkt. No. 11 at 15–16.) He bases his argument on 20 C.F.R. § 404.1529(c), which provides the method the Commission uses to evaluate a claimant's limiting symptoms. Social Security Ruling 16-3p explains how § 404.1529(c) works. It states, in pertinent part, that—

> [i]n considering the intensity, persistence, and limiting effects of an individual's symptoms, we examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record.

SSR 16-3p, 2016 WL 1119029, at *4 (Mar. 16, 2016), *republished*, 2017 WL 5180304 (Oct. 25, 2017); *see also* 2016 WL 1237954 (Mar. 24, 2016) (correcting SSR 16-3p's effective date to March 28, 2016). SSR 16-3p sets a two-step process for evaluating an individual's symptoms. First, the ALJ decides whether the individual has any medically determinable impairments "that could reasonably be expected to produce the individual's alleged symptoms." *Id.* at *3. Second, the ALJ must "evaluate the intensity and persistence of an individual's symptoms such as pain and determine the extent to which an individual's symptoms limit his or her ability to perform work-related activities." *Id.* at *4. The factors she must consider when evaluating symptoms' intensity, persistence, and limiting effects include the following:

---

[1] By addressing the fourth issue, the undersigned does not mean to imply that Martins' other issues have, or lack, merit. Rather, the undersigned has focused on the fourth issue because further consideration of it on remand will likely affect the other issues Martins raises. *Cf. Boyd v. Berryhill*, No. 0:17-cv-2661-DCC-PJG, 2018 WL 5270037, at *3 & n.3 (D.S.C. Oct. 3, 2018) (listing set of issues similar to the ones raised in this case, and stating further assessment of claimant's testimony "may impact the remaining issues"), *adopted*, 2018 WL 5266420 (D.S.C. Oct. 23, 2018).

(1) the individual's daily activities;
(2) the location, duration, frequency, and intensity of the individual's pain or other symptoms;
(3) factors that precipitate and aggravate the symptoms;
(4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
(5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
(6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (*e.g.*, lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
(7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

*Id.* at 7 (citing § 404.1529(c)(3)). When the ALJ considers those factors, she must "examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* Through that two-step process, the ALJ assesses "whether the claimant's subjective symptom statements are consistent with the record as a whole." *Davenport v. Berryhill*, No. 8:17-cv-2288-TMC, 2018 WL 5306931, at *5 (D.S.C. Oct. 25, 2018).

Here, the ALJ found Martins' "medically determinable impairments could reasonably be expected to cause" some of" the symptoms Martins alleged he has. (R. 23.) At the second step, however, the ALJ found Martins' "statements concerning the intensity, persistence[,] and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." (*Id.*) After weighing the opinion evidence, the ALJ concluded her RFC discussion by writing that Martins' "allegations regarding his physical and mental impairments are persuasive only to the extent they are consistent with this decision." (R. 26–27.)

The ALJ's statements do not satisfy SSR 16-3p.

First, the ALJ's decision does not identify which of Martins' allegations the ALJ found inconsistent with other evidence, nor does the decision specify what other evidence the ALJ

6

found to contradict those allegations. SSR 16-3p requires that specificity. *See* SSR 16-3p, 2016 WL 1119029, at *8 ("We will explain which of an individual's symptoms we found consistent or inconsistent with the evidence in his or her record and how our evaluation of the individual's symptoms led to our conclusions."); *id.* at *9 (stating "it is not sufficient for [ALJs] to make a single, conclusory statement" that the claimant's statements about his symptoms are inconsistent; "[t]he determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms"). The ALJ's conclusory statement that Martins' allegations about his symptoms were "not entirely consistent with the medical evidence and other evidence" sheds no light on what evidence the ALJ found to be in conflict. *Cf. Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010) ("The statement by a trier of fact that a witness's testimony is 'not *entirely* credible' yields no clue to what weight the trier of fact gave the testimony.").

Second, it is not enough for ALJs "simply to recite the factors described in the regulations for evaluating symptoms." SSR 16-3p, 2016 WL 1119029, at *9. The ALJ's decision does not even do that, let alone demonstrate the ALJ considered all the factors. Thus, it is unclear whether the ALJ actually analyzed the record under the factors or whether she found any factors inapplicable (and, if so, why).

Finally, the ALJ's analysis about the consistency of Martins' complaints focuses almost exclusively on the medical evidence. Meanwhile, the ALJ never addressed written statements in the record from Martins' wife and friend about Martins' fatigue and memory problems. (*See* R. 367–68.) This suggests the ALJ may have improperly required Martins, at the second step of the SSR 16-3p analysis, to support his subjective complaints with medical evidence. *See Lewis v.*

*Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017) (stating ALJs cannot discount claimants' statements about intensity or persistence of symptoms, or how symptoms affect ability to work, solely because the medical evidence does not substantiate the statements).

Martins' allegations of error on this issue focus on his difficulties concentrating. (*See* Dkt. No. 11 at 16.) At the hearing, Martins testified that two or three times a week, he has "bad days" and cannot concentrate. (R. 56.) Martins argues two medical opinions support his testimony. (Dkt. No. 11 at 16.) As Martins notes, the ALJ did not specifically address whether Martins' testimony about concentration are consistent with those opinions.

The Commissioner does not squarely address the ALJ's failure to explain her findings to the degree that § 404.1529(c) and SSR 16-3p require. Instead, the Commissioner contends the record's medical evidence reasonably supports the ALJ's finding that Martins does not have "debilitating concentration or attention problems." (Dkt. No. 13 at 21.) That contention, however, misses the point: the ALJ did not say whether Martins' testimony was inconsistent with that medical evidence. That is just one illustration of the larger problem—that the ALJ did not identify any specific inconsistencies between Martins' assertions and the other evidence. SSR 16-3p requires ALJs to provide that explanation so courts do not have to guess what ALJs found consistent and inconsistent.

As for the statements from Martins' wife and friend, the Commissioner argues the ALJ did not have to discuss them because they are "duplicative of [Martins'] own statements about memory issues, fatigue, and irritability." (Dkt. No. 13 at 20.) But evidence that is duplicative of something else also tends to be consistent with and supportive of that something else. It was important, then, that the ALJ say whether she believed Martins' testimony about those conditions and, if not, explain why the written statements were not persuasive. And although the ALJ's

decision includes boilerplate language saying the ALJ considered the "entire record," nothing in the decision shows the ALJ analyzed the written statements as part of her consistency evaluation.

In short, the ALJ's decision does not provide the explanation of how the ALJ evaluated Martins' complaints that this Court needs in order to perform meaningful review. *See Mascio*, 780 F.3d at 636–37 (4th Cir. 2015) (holding remand may be appropriate when the courts cannot determine how the ALJ reached her conclusions and meaningful review is frustrated); *see also Monroe*, 826 F.3d at 189 (remanding where the ALJ failed to "build an accurate and logical bridge from the evidence to [her] conclusion") (citation omitted). The undersigned cannot find the omission harmless and therefore recommends this case be remanded for further explicit analysis of Martins' subjective complaints. *See, e.g.*, *Adams v. Berryhill*, No. 2:17-cv-3271-DCC, 2019 WL 1274721, at *2 (D.S.C. Mar. 20, 2019) (adopting recommendation to remand due to same type of omission); *Boyd*, 2018 WL 5270037, at *5 (recommending remand due to same type of omission); *Earles v. Berryhill*, No. 6:17-cv-3045-MGL-KFM, 2018 WL 6332532, at *10 (D.S.C. Nov. 19, 2018) (same), *adopted*, 2018 WL 6330166 (D.S.C. Dec. 4, 2018); *Griffin v. Berryhill*, No. 6:17-cv-2173-AMQ-KFM, 2018 WL 5270042, at *9 (D.S.C. July 25, 2018) (same), *adopted*, No. 6:17-cv-2173-DCC, 2018 WL 5266444 (D.S.C. Oct. 23, 2018).

Martins asks the Court either to reverse for calculation and entry of benefits or to remand under 42 U.S.C. § 405(g), sentence four. (Dkt. No. 11 at 17.) Because Martins' potential entitlement to benefits is not yet clear, this matter should be remanded for further consideration and assessment. *Cf. Crider v. Harris*, 624 F.2d 15 (4th Cir. 1980) (finding remand for an award of benefits was warranted where record "wholly established" claimant's entitlement to benefits).

**II.     Other Issues**

As the undersigned recommends this matter be remanded for further consideration as discussed above, the Court need not address Martins' remaining issues, as they may be rendered

moot on remand. *See Boone v. Barnhart*, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on one issue and declining to address claimant's additional arguments); *Hancock v. Barnhart*, 206 F. Supp. 2d 757, 763–64 n.3 (W.D. Va. 2002) (on remand, the ALJ's prior decision has no preclusive effect as it is vacated and the new hearing is conducted *de novo*). However, as part of the overall reconsideration of this claim upon remand, the ALJ should consider Martins' remaining allegations of error.

## CONCLUSION

For the above reasons, the undersigned recommends the Commissioner's decision be **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be **REMANDED** for proceedings consistent with this Report & Recommendation.

**IT IS SO RECOMMENDED.**

July 1, 2019
Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).